Kevin G. Little, SBN 149818
Michelle L. Tostenrude, SBN 290121
**LAW OFFICE OF KEVIN G. LITTLE**
Post Office Box 8656
Fresno, California 93747
Telephone: (559) 342-5800
Facsimile: (559) 242-2400
E-Mail: kevin@kevinlittle.com

Attorneys for Plaintiff Nathaniel Myers

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| NATHANIEL MYERS<br><br>   Plaintiff(s),<br><br>   v.<br><br>COUNTY OF FRESNO; UNKNOWN FRESNO COUNTY SHERIFF OFFICERS; UNKNOWN DEFENDANTS<br><br>   Defendant(s). | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>42 U.S.C. § 1983<br>Supplemental State Law Claims |

TO THE HONORABLE COURT:

Plaintiff NATHANIEL MYERS, through his undersigned counsel, hereby makes the following allegations against the defendants, and each of them.

**JURISDICTION AND VENUE**

1. This Court has original jurisdiction over the proceeding pursuant to 28 U.S.C. §§ 1331 and 1343, as this action is one for damages arising under the United States Constitution and other federal laws providing remedies for deprivations of the rights and privileges of citizens of the United States.

2. This Court has venue in this action pursuant to 28 U.S.C. § 1391(b), as the actions giving rise to this action all occurred within this judicial district.



COMPLAINT FOR DAMAGES

**COMPLIANCE WITH STATE CLAIM PROCEDURES**

3. Plaintiffs have complied with the pertinent provisions of the California Government Code by submitting a claim for damages on May 6, 2021 within six months of the incident giving rise to this action, and they have further complied with those provisions by filing this action within six months of the issuance of the denial of those claims.

**PARTIES**

4. Plaintiff, NATHANIEL MYERS ("Plaintiff"), is a citizen and at all relevant times was a resident of the State of California, County of Fresno.

5. Defendant COUNTY OF FRESNO ("Fresno County") is a local municipal body and a political subdivision of the State of California. Fresno County is primarily responsible funding and supervising the Fresno County Sheriff's Department, which had primary responsibility for Plaintiff while he was in custody at the Fresno County Jail. Plaintiff is informed and believes that the customs, policies and practices of Fresno County contributed to the constitutional violations alleged herein, and, as permitted by applicable law, those customs, policies and practices will be specified at a later point in this proceeding, after an appropriate opportunity to conduct discovery. Fresno County is also vicariously liable under state law for the misconduct of its individual employees.

6. Plaintiff is ignorant of the true names and capacities of defendants sued herein as UNKNOWN FRESNO COUNTY SHERIFF OFFICERS and UNKNOWN DEFENDANTS and therefore sues said defendants by such fictitious names. Along with the named individual defendants, each of the fictitious defendants is legally responsible and liable for the injuries and damages alleged herein. Plaintiff will amend this complaint to allege the true names and capacities of these defendants when they are ascertained.

**FACTUAL ALLEGATIONS**

7. On November 25th 2020, Plaintiff was arrested and booked into Fresno County Jail and charged with six counts of lewd and lascivious acts with a child under 14. Plaintiff was unable to bail out of jail due to the nature and amount of the allegations which set Plaintiff's bail at nearly $700,000.



8. While being booked into the jail, Plaintiff was told by an unknown Fresno County Correctional Officer that he had to sign a paper which stated that he would be in a general population pod and that this placement was his only option.

9. It is widely understood amongst Fresno County Sheriff's Officers that individuals in the Fresno County Jail facing such allegations are targeted by other inmates with physical violence and therefore require housing in pods designed to provide protection from such violence.

10. Plaintiff was thereafter placed in a large open pod without individual cells by Unknown Fresno County Sheriff Officers. Approximately 70 incarcerated males were housed in this pod and would sleep on exposed bunk beds in a large open area. Plaintiff was forced to choose an exposed bunk bed in this pod, easily accessible by other inmates.

11. Unknown Fresno County Sheriff's employees had meanwhile prepared a news release detailing the allegations against Plaintiff and also implying that further alleged victims existed which was thereupon released to media outlets. Unknown Fresno County Sheriff's Officers broadcast this news release to the entire pod via the jail television set, publicizing the criminal allegations made against Plaintiff to approximately 70 inmates in exposed bunk beds.

12. Later that evening while Plaintiff was sleeping, he was brutally assaulted by numerous unknown individuals. The savage attack rendered Plaintiff unconscious for an unknown period of time before an ambulance was eventually called to transport him to Community Regional Medical Center's Department of Emergency Medicine.

13. Plaintiff was later discharged from Community Regional Medical Center on November 26, 2020 to the Fresno County Jail with a soft cast on his fractured left arm, sutures closing lacerations on his face and a series of staples closing an approximately two inch hole on the back of his broken skull. Upon return to the Fresno County Jail, Fresno County Sheriff's Officers informed Plaintiff that he was to be put back into the same general population pod where he had just been violently attacked, only now completely defenseless and surrounded by his attackers.

14. Plaintiff was only placed in a medical recovery cell after pleading with Officers to please not be sent back to the pod where he had just been attacked. Unknown Officers informed

1  Plaintiff that he was only allowed to stay in the recovery cell for 25 hours and then he would be sent
2  back to the pod full of his attackers, defenseless.

3      15.    Plaintiff was only able to escape the impending danger caused by Unknown Fresno
4  County Officers by immediately contacting family members and pleading for his life. Plaintiff's
5  family members saved Plaintiff from almost certain further harm by securing a bond before the afore-
6  mentioned 25 hours had elapsed.

7      16.    The vicious attack resulted in serious head and facial injuries, including a closed
8  fracture of his lateral orbital wall, and a closed fracture of his right maxilla. Plaintiff's left arm was
9  also fractured and Plaintiff suffered multiple contusions, lacerations and abrasions to multiple parts
10 of his body.

11     17.    These injuries have required extensive painful surgeries and caused recurring vision
12 problems, body pain, and persisting difficulty performing previously simple tasks.

13 **CLAIMS FOR RELIEF**

14 FIRST CLAIM FOR RELIEF

15 Deliberate Indifference to Serious Safety Needs - 4th and 14th Amendment

16 (42 U.S.C. § 1983)

17 (Against all Individual Defendants)

18     18.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 17, as though
19 fully set forth herein.

20     19.    Defendants' above-alleged misconduct and their failure to take any steps or measures
21 to account for the clear and known risk to which Plaintiff was subjected constituted deliberate
22 indifference to Plaintiff's serious safety needs.

23     20.    As a direct and proximate result of Defendants' conduct, plaintiffs were damaged as
24 alleged hereinabove.

25     21.    The aforementioned misconduct of the individual Defendants were malicious,
26 reckless and/or accomplished with a conscious disregard of Plaintiff's rights thereby entitling
27 Plaintiff to an award of exemplary and punitive damages according to proof and as permitted by law.
28

## SECOND CLAIM FOR RELIEF

Municipal Liability - 4th and 14th Amendment

(42 U.S.C. § 1983)

(Against Defendant County of Fresno)

22. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 17, as though fully set forth herein.

23. Plaintiff is informed and believes that County of Fresno maintained a policy or de facto unconstitutional informal custom or practice that was the moving force behind the assault on Plaintiff. The customs, policies and/or practices of said Defendants were a direct and proximate cause of Plaintiff's injuries because County of Fresno policies resulted in a failure to adequately train and supervise their employees and/or agents to prevent the occurrence of the constitutional violations suffered by Plaintiff. County of Fresno also failed to promulgate appropriate policies or procedures or take other measures to prevent this incident, including by systemically understaffing the Fresno County Jail and by failing to detect and communicate inmate violence.

24. Defendants' above-alleged misconduct constituted deliberate indifference to Plaintiff's serious safety needs.

25. As a direct and proximate result of the aforementioned customs, policies and/or practices of Kings County, the plaintiffs suffered the injuries and damages as alleged hereinabove.

## THIRD CLAIM FOR RELIEF

Supervisory Liability - 4th and 14th Amendment

(42 U.S.C. § 1983)

(Against Individual Defendants)

26. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 17, as though fully set forth herein.

27. The named defendants failed to adequately supervise the Fresno County jail staff and inmates, and those failures constituted deliberate indifference to Plaintiff's serious safety needs. The named defendants also were deliberately indifferent in failing to take other measures to prevent this

incident, including engaging in inadequate trainings and briefings regarding inmate conflicts, and potential conflicts and also in systematically understaffing the jail.

28. As a direct and proximate result of the aforementioned customs, policies and/or practices of County of Fresno, the Plaintiff suffered the injuries and damages as alleged hereinabove.

29. The aforementioned misconduct of the named defendants were malicious, reckless and/or accomplished with a conscious disregard of decedent's rights thereby entitling Plaintiff to an award of exemplary and punitive damages according to proof and as permitted by law.

## FOURTH CLAIM FOR RELIEF

Negligent Hiring, Retention, Supervision, Training, and Staffing

(California State Law)

(Against All Defendants)

30. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 17, as though fully set forth herein.

31. The named defendants have authority to hire, retain, supervise, train, and/or staff the Fresno County Jail and have the concomitant duty under state law to exercise due care in doing so. These defendants breach those duties and thereby caused the damages of Plaintiff.

32. As a direct and proximate result of this misconduct, the Cotta estate and Madison suffered the injuries and damages as alleged hereinabove

33. These injuries and damages are compensable under California law.

## FIFTH CLAIM FOR RELIEF

Violation of the Eighth and Fourteenth Amendments to the U.S. Constitution and the

California Constitution Art I., §§ 7, 13, 15

(Cal. Civil Code § 52.1(b))

(Against All Defendants)

34. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 17, as though fully set forth herein.

35. Defendants, and each of them, violated Plaintiff's federal and state constitutional rights to prisoner safety by being deliberately indifferent to the clear risks to his well-being.



Defendants also failed to appropriately train, supervise, and promulgate customs, policies and/or practices in order to prevent Plaintiff's injuries, thereby being further deliberately indifferent to his federal and state constitutional rights.

36. As a direct and proximate result of Defendants' violations, Plaintiff suffered harm as alleged herein.

37. As a further consequence of Defendants' violations and interference with Plaintiff's rights, the Plaintiff is entitled to the remedies, attorney fees, and civil penalties pursuant to Cal. Civil Code § 52.1, et seq.

## SIXTH CLAIM FOR RELIEF
### California State Law - Negligence
### (Against All Defendants)

38. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 17, as though fully set forth herein.

39. As a result of the defendant officers' actions in detaining, arresting, and initiating the prosecution of Plaintiff, he was subject to negligent misconduct and is entitled to seek compensation under California law. Specifically, the officers had a duty under California law not to cause harm to him, and also to engage in the non-negligent performance of their duties. The defendant officers breached those duties as to Plaintiff on November 25, 2020 and caused him harm.

40. As a direct and proximate result of the defendant officers' violation of his constitutional rights, Plaintiff has suffered substantial damages, as described hereinabove.

41. The defendant officers' conduct entitled Plaintiff to an award of compensatory damages

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief from Defendants and each of them, jointly and severally as allowed by law, as follows:

1. For general and special damages against defendant in an amount proven at trial;
2. For punitive damages against the individual defendant, in an amount appropriate to punish and to deter others from engaging in similar misconduct;

3. For statutory damages and penalties;

4. For prejudgment interest as allowed by applicable law;

5. For costs and attorney's fees as authorized by statute or law;

6. For all other damages as provided by Cal. Civil Code §§52.1 and 52 including up to three times actual damages and a civil penalty of $25,000.00 to be awarded to Plaintiff;

7. For other such relief as the Court may deem proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury as to all his claims for relief.

Dated: February 9, 2022               LAW OFFICE OF KEVIN G. LITTLE


*/s/ Kevin G. Little*
Kevin G. Little
Attorney for Plaintiff Nathaniel Myers

COMPLAINT FOR DAMAGES                                             8