UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL MYERS,<br><br>  Plaintiff,<br><br>  v.<br><br>COUNTY OF FRESNO, UNKNOWN FRESNO COUNTY SHERIFF OFFICERS and UNKNOWN DEFENDANTS,<br><br>  Defendants. | Case No. 1:22-cv-00173-ADA-HBK<br><br>FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND[1]<br><br>(Doc. No. 6)<br><br>FOURTEEN DAY OBJECTION PERIOD |

Pending before the Court is Defendant County of Fresno's motion to dismiss. (Doc. No. 6, "Motion"). Defendant seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). (*Id.*). Plaintiff filed an Opposition (Doc. No. 8), and Defendant filed a Reply (Doc. No. 9). At the request of Plaintiff, the undersigned set the Motion for a hearing on January 5, 2023. (Doc. Nos. 18, 19). Plaintiff failed to appear at the January 5, 2023 hearing and Defendants submitted on the record. (Doc. No. 21`). For the reasons set forth below, the undersigned recommends that the district court grant Defendant's Motion to Dismiss with leave to amend.

////

////

---

[1] This motion was referred by the district court for a preparation of a findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(a). (Doc. No. 17).

**BACKGROUND**

**A. Procedural History and Summary of Complaint**

Plaintiff initiated this action by filing a civil complaint against Defendants County of Fresno ("Defendant" or "County of Fresno"), Unknown Fresno County Sheriff Officers, and Unknown Defendants (collectively "Defendants"), alleging (1) violations of the 4th and 14th Amendments to the U.S. Constitution, and state law causes of action for (2) negligent hiring, retention, supervision, training and staffing, (3) general negligence, (4) violations of §§ 7, 13, 15 of the California Constitution, and (5) violation of the Bane Act (Cal. Civil Code § 52.1(b)). (Doc. No. 1 at 4-7). The following facts are accepted as true at this stage of the proceedings.

On November 25, 2020, Plaintiff was arrested and booked into Fresno County Jail ("FCJ") and charged with six counts of lewd and lascivious acts with a child under 14. (*Id*. at 2 ¶ 7). While being booked into FCJ, an unknown Fresno County Sheriff's Deputy told Plaintiff that he had to sign a document accepting placement in general population and that this was his only option. (*Id*. at 3 ¶ 8). Unknown Fresno County Sheriff Deputies thereafter placed Plaintiff in a large open pod with approximately 70 other detainees. (*Id*. ¶ 10).

Meanwhile, unknown Fresno County Sheriff's Office employees had prepared a news release detailing the allegations against Plaintiff and released it to news outlets. (*Id*. ¶ 11). Unknown Fresno County Sheriff's Deputies broadcasted this news release into Plaintiff's pod via the jail's television set. (*Id*.). Later that night while Plaintiff was sleeping, he was attacked by numerous unknown individuals. (*Id*. ¶ 12). Plaintiff was transported to a nearby hospital for emergency medical care. (*Id*.). Plaintiff sustained serious head and facial injuries, including a closed fracture of his lateral orbital wall, and a closed fracture of his right maxilla. (*Id*. ¶ 16). Additionally, Plaintiff's left arm was fractured, and he suffered multiple contusions, lacerations and abrasions to multiple parts of his body. (*Id*.).

After Plaintiff's release from the hospital and return to FCJ the next day, unknown jail deputies indicated to him that he would be returned to general population. (*Id*. at 3 ¶ 13). Plaintiff protested and was placed in a medical recovery cell but was told that he could not stay more than 25 hours before returning to general population. (*Id*. at 3-4 ¶ 14). Fearing he would be

attacked again if placed in general population, Plaintiff secured money from family to post bail and was released before the 25 hours elapsed.  (*Id*. at 4 ¶ 15).

Plaintiff's injuries have required extensive painful surgeries and caused recurring vision problems, body pain, and persisting difficulty performing previously simple tasks.  (*Id*. ¶ 17).

As relief, Plaintiff seeks general and special damages, punitive damages against an unspecified "individual defendant," statutory damages and penalties, prejudgment interest, costs and attorney's fees, damages provided by Cal. Civil Code §§ 52.1 and 52, and such other relief as the Court may deem proper.  (*Id*. at 7-8).

## APPLICABLE LAW AND ANALYSIS

### A.  Applicable Law

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure "tests the legal sufficiency of a claim." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011).  Dismissal for failure to state a claim is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Id*.; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (to survive a motion to dismiss, the complaint must have sufficient facts to state a facially plausible claim to relief).  In deciding a motion under Rule 12(b)(6), the court accepts as true all well-pled factual allegations in the complaint and determines whether the factual allegations are sufficient to state a right to relief above the speculative level. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *see also Nw. Envtl. Def. Ctr. v. Brown*, 640 F.3d 1063, 1070 (9th Cir. 2011) (court accepts as true all material allegations in the complaint, as well as any reasonable inferences to be drawn from them).  Where a motion to dismiss is granted, a district court must decide whether to grant leave to amend.  Courts, are instructed to apply Rule 15 with extreme liberality. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citations omitted); *Winebarger v. Pennsylvania Higher Educ. Assistance Agency*, 411 F. Supp. 3d 1070, 1082 (C.D. Cal. 2019).  Only where leave to amend would be futile, because "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency," should leave to amend may be denied. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

**B. Defendant's Alleged Failure to Meet and Confer**

As an initial matter, Plaintiff argues in his Opposition to the Motion that Defendant did not exhaust meet and confer requirements prior to filing its Motion to Dismiss and therefore the Motion should be denied as procedurally deficient. (Doc. No. 8 at 4). In its Reply, Defendant asserts it met its obligation to attempt to meet and confer, and that Plaintiff failed to respond to the County of Fresno's invitation to meet, thus Defendant's Motion should not be dismissed as procedurally deficient. (Doc. No. 9 at 2). Plaintiff does not dispute that Defendant sent an email seeking to meet and confer but asserts, without citing any authority, "one can hardly declare a single email as exhausting Meet and Confer efforts." (Doc. No. 8 at 4).

Under the previously assigned district court's Standing Order, "counsel shall engage in a pre-filing meet and conder to discuss the substance of the contemplated motion and any potential resolution." (Doc. No. 4-1 at 2:11-18). It is uncontested that Defendant did make some effort to meet and confer. The undersigned is aware of no authority holding that such efforts are insufficient as a matter of law. Indeed, an email requesting to meet and confer that goes unanswered has been deemed to satisfy the meet and confer requirement. See Mun v. R.J. Annabelle, Inc. Case No. 2:19-cv-2470-DSF-AFMx, 2020 WL 4904654, at *1 (C.D. Cal. April 15, 2020). Thus, the undersigned does not find the instant Motion procedurally deficient based on Defendant' alleged failure to meet and confer.

**C. Rule 8**

The thrust of Defendant's Motion to Dismiss is that the Complaint should be dismissed because Plaintiff fails to clearly set forth factual allegations giving rise to each claim. As will be discussed, the Court agrees the Complaint should be dismissed in its entirety pursuant to Rule 8 because the factual basis for each Defendants' liability for each claim is unclear. Because the Court concludes the Complaint does not satisfy Rule 8, the Court need not and does not address whether the allegations are sufficient to state any cognizable claim. *See Quintanar v. County of Stanislaus*, 2021 WL 4443251, at *4 n.1 (E.D. Cal. Sept. 28, 2021); *see also Gray v. Johnson*, 2014 WL 897014, at *1 (E.D. Cal. March 7, 2014) ("the complaint . . . fails to comply with Rule 8 and the Court cannot adequately analyz[e] Plaintiff's claims"); *Alfaro v. United States*, 2023

WL 2908583, at *8 (C.D. Cal. Feb. 16, 2023*), report and recommendation adopted*, 2023 WL 3979486 (C.D. Cal. Apr. 12, 2023) ("The Court will not conduct a more detailed analysis of which claims, or portions of claims, are time-barred because of the difficulties in reviewing the SAC due to the Rule 8 violation.")

Rule 8 requires "each averment of a pleading to be 'simple, concise, and direct.'" *See McHenry v. Renne*, 84 F.3d 1172, 1177–78 (9th Cir. 1996). To comply with Rule 8, a complaint should clearly and fully set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *Id*. at 1178. Even if the factual elements of a cause of action are present but are scattered throughout the complaint and not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8 is proper. *Id*. Further, "[t]he propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." *Id*. at 1179. Indeed, Rule 8(d)'s requirement that each averment of a pleading be "'simple, concise, and direct,' applies to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6)." *Id*. The Court sua sponte may dismiss a complaint for failure to comply with Federal Rule of Civil Procedure 8 ("Rule 8"). *Martin v. Medtronic, Inc*., 63 F. Supp. 3d 1050, 1061 (D. Ariz. 2014) ("When a complaint fails to comply with [Rule 8], the district court has the power, on motion or sua sponte, to dismiss the complaint . . . .")

Shotgun pleading occurs when: (1) one party pleads that multiple parties did an act, without identifying which party did what specifically; or (2) when one party pleads multiple claims and does not identify which specific facts are allocated to which claim. *Hughey v. Camacho*, 2014 WL 5473184, at *4 (E.D. Cal. Oct. 23, 2014) (citing *In re Mortgages Ltd*., 2013 WL 1336830, at *12 (Bankr. D. Ariz. March 29, 2013); *Magulta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001)). Courts forbid shotgun pleadings because they do not enable a defendant to respond and lead to adverse consequences. *See Mason v. County of Orange*, 251 F.R.D. 562, 563–64 (C.D. Cal. 2008) (quoting *Anderson v. District Board of Trustees*, 77 F.3d 364, 366–67 (11th Cir. 1996) ) ("[E]xperience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the

5

litigants suffer, and society loses confidence in the court's ability to administer justice."); *see also Shehee v. California*, No. 2:09-CV-02881 KJN P, 2010 WL 4880698, at *3 (E.D. Cal. Nov. 23, 2010), amended, No. 2:09-CV-02881 KJN P, 2011 WL 160391 (E.D. Cal. Jan. 18, 2011).

In the instant case, the Complaint describes a series of factual allegations involving individual unnamed Fresno County Sheriff Officers and Unknown Defendants. (Doc No. 1 at ¶¶ 7–17). These allegations are later incorporated by reference within six distinct causes of action which are asserted against multiple Defendants collectively and which list only the bare elements of each claim without designating which facts underlie which claim. (*Id*. at ¶¶ 18–41). This lack of clarity permeates the entire Complaint and is a sufficient basis for dismissal. *See Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011) (affirming a district court's dismissal of an entire complaint that made "everyone did everything allegations" without leave to amend because "[t]he district court made clear . . . that plaintiffs must amend their 'shotgun pleading' to 'state[ ] clearly how each and every defendant is alleged to have violated plaintiffs' legal rights" and plaintiffs failed to do so); *see also Bautista v. Los Angeles Cnty*., 216 F.3d 837, 840–841 (9th Cir. 2000) (affirming dismissal of a complaint with prejudice where the complaint failed to include short and plain statement of claim of each of the 51 plaintiffs and failed to state each plaintiff's claim in separate count). The Court will address certain claims in Plaintiff's Complaint to illustrate the deficiency in Plaintiff's pleadings.

### 1. Claims Against Individual Defendants

The Complaint's First Claim of Relief alleges that unspecified "Defendants" violated Plaintiff's 4th and 14th Amendment rights based on the incident that occurred on November 25, 2020. (Doc. No. 1 ¶¶ 18-21). The Complaint asserts that these "Defendants' above-alleged misconduct and their failure to take any steps or measures to account for the clear and known risk to which Plaintiff was subjected constituted deliberate indifference to Plaintiff's serious safety needs." (*Id*. ¶ 19). In setting forth this claim, the Complaint does not specify by name any individual defendants responsible for the misconduct, nor even refer to them by the roles they played or actions they took in the November 25, 2020 incident. It simply alleges that "all Individual Defendants" violated Plaintiff's Constitutional rights through unspecified actions or

1  omissions.  (*Id*. ¶¶ 18-21).

2  The Third Claim for Relief, based on Supervisory Liability, likewise fails to cite any facts specific to supervisory Defendants that set forth a cause of action under the 4th or 14th Amendment.  The claim simply lists the bare elements of a claim without designating which facts underlie the claim.

6  Accordingly, as to the claims against individual Defendants, Plaintiff fails to "state clearly how each and every defendant is alleged to have violated plaintiff[']s legal rights" and in so doing his First Claim for Relief fails.  *See Destfino*, 630 F.3d at 958.

### 2.  Claims Against All Defendants

The Complaint also asserts several claims against "All Defendants."  (See Doc. No. 1 ¶¶ 30-41).  Here again, the Complaint realleges the facts previously set forth and asserts three separate causes of action without citing to any facts showing the County of Fresno, particular supervisors, or particular line deputies establish the asserted causes of action.  Plaintiff again fails to "state clearly how each and every defendant is alleged to have violated plaintiff[']s legal rights" and in so doing his Fourth, Fifth, and Sixth Claims for Relief fail.  *See Destfino*, 630 F.3d at 958.  Thus, as pled, the Complaint does not provide the Defendants fair notice of which claim is against whom.  *See Harris v. Cnty. of San Diego.*, No. 18-cv-924-BTM-AHG, 2019 WL 6683367, at *6 (S.D. Cal. Dec. 5, 2019) (dismissing a complaint, in part, because the pleading "indiscriminately intertwines the defendants into each cause of action and thus fails to give any of them fair notice").

### 3.  Claims Against the County of Fresno

The Complaint asserts a single *Monell* claim against the County of Fresno.  To state a *Monell* claim, Plaintiff must adequately allege an underlying constitutional violation by a County employee.  *Scott v. Heinrich*, 39 F.3d 912, 916 (9th Cir. 1994) ("municipal defendants cannot be held liable because no constitutional violation occurred"); *Lockett v. County of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020) ("*Monell* claims . . . require a plaintiff to show an underlying constitutional violation.").  Because, as set forth above, the Court finds no underlying violation has been adequately pled, Plaintiff cannot state a *Monell* claim.

7

## FINDINGS AND RECOMMENDATIONS

The undersigned finds the shotgun pleadings in the Complaint makes it deficient and subject to dismissal. Although the undersigned refrained from reviewing the sufficiency of the allegations in the Complaint to consider whether it stated any meritorious claims, a preliminary review of the allegations, indicates that it arguably appears worthy to state some cognizable claims.[2] Considering the Ninth Circuit liberal Rule 15 instructions and because Plaintiff has not yet amended his pleading and may be able to cure the Rule 8 deficiencies identified above, the undersigned recommends the district court grant Defendant County of Fresno's Motion to Dismiss on the basis that the Complaint violates Rule 8, but grant Plaintiff leave to file an amended complaint.

Accordingly, it is **RECOMMENDED**:

1. The district court GRANT Defendant's Motion to Dismiss (Doc. No. 6) under Rule 12(b)(6) with leave to amend.
2. Plaintiff be ordered to file and serve any amended pleading within 21 days after adoption of these findings and recommendation.

////

////

////

## **NOTICE TO PARTIES**

These findings and recommendations will be submitted to the United States district judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the

---

[2] Prison officials can be held liable for policies or conditions that are dangerous to all prisoners or an identifiable group of prisoners even if they are unaware of a risk to a particular prisoner. *Farmer v. Brennan*, 511 U.S. 825, 843 (1994) ("it does not matter whether a prisoner faces an excessive risk of attack for reasons personal to him or because all prisoners in his situation face such a risk."). *See also, Weiss v. Cooley*, 230 F.3d 1027, 1029-30, 1032 (7th Cir. 2000) (recognizing convicted sexual offenders as being an identifiable group).

specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:     September 18, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE